## Wiener *versus* Davis.

1. Since the Act of 17th April, 1843, prohibiting preferences in assignments, an assignment by a firm of part of their partnership property to some of their creditors who had agreed to give them a general release, is not void; the Act of 1843 avoids only *preferences* in assignments: the property assigned belongs to *all* of the creditors, and is not subject to an attachment execution as the property of the debtors, by one of the creditors who did not execute the release.

2. The Act of 1843 does not prohibit all compositions with creditors. An assignment by debtors of *part* of their property to *some* of their creditors who agree to give them a general release, and which does not give to such creditors a preference or advantage over other of their creditors, is not void. The assignment in this case was not held to be void, because the fact of preference has not been proved.

ERROR to the District Court, *Philadelphia.*

This was a proceeding by attachment execution by Heinrich Wiener against Davis & Hamersly, defendants in the judgment, and Pease and Seal, garnishees. The attachment was discontinued as to Pease before trial.

In the fall of 1846, Davis & Hamersly, a firm in Philadelphia, became embarrassed. They sent round to their creditors a paper setting forth the amount of their liability; and, "in order to obtain a full release from the liability aforesaid," they proposed "to transfer to Joseph H. Seal, or any other person whom the creditors may select, notes and book accounts amounting to" about the nominal value of 75 per cent. of their debts. Those creditors who should agree to this were desired to sign this paper; and it was signed by thirteen creditors.

On the 1st of December, 1846, three instruments were executed:

1. An assignment by Davis & Hamersly to nineteen named creditors, of certain scheduled property, and stipulating for a full release. The instrument appointed the creditors the attorneys of the assignors, with power to the creditors to appoint substitutes.

2. A power of attorney from seventeen of those creditors to Joseph H. Seal, empowering him to collect these debts and distribute them, &c.

3. A full release by those creditors to Davis & Hamersly.

The assignment was recorded, but the instrument appointing Seal, and the release, were not recorded.

Wiener, a creditor, who did not assent to these arrangements, obtained a judgment against Davis & Hamersly, on which he issued an attachment in execution against the property in the hands of Seal. On the trial, plaintiff proved the above facts, and requested the judge to charge that the above instruments were in fact but one; and inasmuch as they only transferred a part of the property of Davis & Hamersly, while they stipulated for a full release, they were in law fraudulent and void. The judge refused so to charge, and directed the jury to find for the defendants.

This was assigned for error.

[Wiener *v.* Davis.]

*W. H. Rawle* for plaintiff in error.—The assignment was based on a stipulation for a release, and it did not transfer any part of the separate property of the assignors, nor did it convey *all* the partnership property. The three instruments being executed at the same time, and with reference to the same subject-matter, their legal effect is that of *one* instrument: *Viner's Abr., Conveyance ;* 2 *Prest. on Convey.* 364 ; 2 *Saunders* 48 a ; 17 *Ser. & R.* 115 ; 4 *Rawle* 35 ; 17 *Ser. & R.* 70. Considered as one instrument, they come under the cases of Henessy *v.* The Western Bank, 6 *W. & Ser.* 301 ; In re Wilson, 4 *Barr* 448 ; and Weber *v.* Samuel, 7 *Barr* 524.

It was also contended, that the assignment being taken in connection with the deed to Seal, an assignment for the benefit of creditors was constituted, and the deed constituting Seal trustee, &c., not having been *recorded,* the transfer was void as against subsequent executions.

*C. Ingersoll,* for defendants in error.

*W. H. Rawle,* in reply.

The opinion of the Court, filed May 17, was delivered by

LOWRIE, J.—The argument here is that this transaction, though in form a composition with creditors, is, in fact, an assignment for the benefit of creditors with preferences ; yet, if this be so, both the form and the forum below have been improperly chosen. Admit the argument, and what then ? That the assignment is void because it does not embrace all the debtor's property ? Not at all. Before the Act of 1843 such assignments with preferences were void, as tending to hinder creditors ; but such is not their character since that Act declared the preferences void, and required the assignment to stand for the benefit of all the creditors. Now it is the preference and not the assignment that is void. In such case the property belongs to all the creditors, though assigned to only some of them, and it is not liable to an attachment execution as the property of the debtors.

There might be added the very obvious view that, as the arrangement was not intended for the benefit of the plaintiff, so it imposed no terms upon him. He cannot complain that others did not get all of the debtor's property ; but rather that they got too much of it. It was no fraud on him that other creditors released the debtors, and yet allowed them to retain part of their effects, for that was so much in favor of his own chance of recovery. Assuming that this is an assignment in trust, the assignees would have to account in the usual way.

But we do not regard this as an assignment within the meaning of the Act of 1843. Unquestionably, before that Act, the law

[Wiener *v.* Davis.]

recognised a composition with, as well as an assignment for credit-ors.    We are therefore to inquire, so far as this case demands, what alteration that Act has made in the pre-existing law, as to, assignments, and what direct or incidental effect it has upon the law as to composition with creditors.

Under the old law, such an assignment was the mere act of the debtor imposing terms upon his creditors, without any restraint except that he should retain no property for himself, and in all such cases, there is an express or implied condition that any sur-plus shall belong to the debtor.    On the other hand, a composition is necessarily the result of a treaty with the creditors severally, however many may join in the same writing; no terms are im-posed on any one, but all are matters of agreement, influenced, it is true, by the embarrassment of the debtor, but not constrained by his having placed his effects under a qualified trust; the whole title to the thing or effects is transferred in consideration of the debt or debts due, and it does not necessarily imply any prefer-ence, for all may be treated equally.

The Act of 1843 merely prohibits all preferences in "assign-ments in trust" for creditors; and since that Act, an assignment may be defined to be, a transfer by a debtor of the whole or part of his effects *to* some person in trust to pay all his creditors in like proportions, and to return the surplus, if any, to the debtor. A composition is a contract between a debtor and one or more of his creditors, by which it is agreed that the debtor shall be dis-charged on his transfer to such creditor or creditors of certain sti-pulated effects, to be held by them absolutely.    A mere glance at these definitions will show an essential distinction between the two transactions.

The question then arises; does the Act prohibiting preferences in assignments in trust for creditors necessarily imply a prohibition of all compositions with creditors?    The answer must be, certainly not; unless, possibly, when it is shown that the composition pre-fers, or was intended to prefer one creditor over another: and that does not appear in this case, for the plaintiff rather seems himself to have had a preference, and it appears, besides, that there was other property not included in the composition, and, without knowing the amount of this preference and of the unas-signed property, no inference of preference to the compounding creditors can be drawn.    Therefore, if a composition, by which one or more creditors receive a preference, is prohibited by the spirit of the law (and we do not decide this question), even in that case, the plaintiff has failed to show this arrangement void, for he has not proved the fact of preference.

The law certainly intended that no debtor should have power to impose terms upon his creditors; but it as certainly did not intend that, when a debtor becomes embarrassed, he is then placed be-

[Wiener *v.* Davis.]

yond all chance of making an arrangement with his creditors. It did not intend that he should no longer administer his own effects, but should be compelled to assign. However valuable the maxim, *vigilantibus, non dormientibus, leges subveniunt*, it does not mean that the embarrassed debtor shall simply do nothing, and thus allow the most suspicious and hard-faced creditors to obtain a preference, by legal process, over those who are more generous and trustful. He may administer his own affairs until this result occurs, or he may make a general assignment, or he may say to his creditors, I have so much property to meet so much indebtedness, and I will transfer to you your fair proportion of it, if you will discharge me. If the law does not allow this, it prohibits the debtor from asking and the creditor from exercising a very necessary generosity. This much is perfectly fair and lawful, and whether or not the debtor can do more, we do not say.

Judgment affirmed.