George Fox *v.* J. A Curtis, E. H. Flick, Trustee, Appellants, and J. H. Fiske, Trustee.

*Partnership—Assignment for creditors—Preferences.*

Where an insolvent partnership assigns its property to a third party for the benefit of two of its creditors only, the preference in the deed of assignment will be void, and the assignment will be considered a general one for the benefit of all creditors.

*Assignment for creditors—Right of one partner to make assignment.*

One partner cannot make a general assignment in trust for the benefit of creditors against the consent or without the concurrence of his copartner if the latter is present and capable of acting in the matter.

*Partnership—Assignment for creditors by some of the partners.*

Generally in commercial partnerships the implied agency of a partner is limited to matters within the range of the ordinary business of the partnership. Where by implication the agency has been extended so as to include the power to make an assignment of the partnership property to a trustee for the payment of debts, the facts have been so exceptional as to take the cases out of the general rule. Per FELL, J.

*Receivers—Appointment of—Discretion of court.*

The appointment of a receiver is in the discretion of the court, not to be exercised arbitrarily or doubtingly, but only when it is clear that it is needful and is the appropriate means of securing a proper end.

One of two partners when the partnership was insolvent confessed judgment to two of the firm creditors, and after execution had been issued under the judgment assigned all of the firm's property not levied upon to a third party in trust for the two creditors to whom the judgments had been confessed. Subsequently the other partner assigned the same property to another person in trust for creditors. The second partner subsequently filed a bill in equity to restrain the assignee of the first partner from exercising any power under the assignment to him, and praying for

the appointment of a receiver. *Held,* that a decree appointing a receiver was proper, inasmuch as it was the only adequate remedy by which the interest of all parties concerned could be preserved.

Argued April 21, 1896. Appeal, No. 229, July T., 1895, by J. H. Curtis and E. H. Flick, two of the defendants; from decree of C. P. Blair Co., No. 239, in equity for the appointment of a receiver. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for the appointment of a receiver and for an injunction.

On motion for the continuance of a preliminary injunction, and rule for the appointment of a receiver, BELL, P. J., found the facts to be as follows :

On July 12, 1895, Fox & Curtis, wholesale shoe dealers of Altoona, were insolvent. On that day Curtis, one of the partners, confessed judgment as follows : To Curtis, Jones & Co., $4,500 ; to S. M. Meredith, trustee for L. Candee & Co., $5,000. Executions on said judgments were on same day placed in hands of the sheriff and by virtue of said executions the personal estate (and it seems there is no real estate assets) has since been sold, realizing some $4,600.

On July 13, 1895, at 9:25 A. M., Curtis likewise executed an assignment in writing of " all the unpaid book accounts and outstanding claims due " the firm " scheduled and hereto attached as well as for all sales made from June 1st up to date as shown by the books of the said Fox & Curtis." It is admitted by counsel for defendants that said assignment included all the accounts due Fox & Curtis. Plaintiff alleges that said accounts so assigned aggregate $25,000; this is not denied by defendants, but they allege that only some $5,000 are collectible, while plaintiff alleges that from $10,000 to $12,000 are collectible by the use of proper care and tact. Said assignment by Curtis, one of the said partners, was to E. H. Flick, Esq., in trust for the plaintiff in said hereinbefore stated judgments.

Fox, the other party, also made an assignment of these same book accounts to J. H. Fiske, in trust for creditors of the firm; just what creditors does not appear ; inferentially it would seem from the pleadings, for all the creditors. Defendants allege,

and in the present state of the pleadings and proof we would find their allegations to be correct, that the assignment by Curtis antedated the assignment by Fox.

The court continued the perliminary injunction, and appointed a receiver.   J. A. Curtis and E. H. Flick, trustee, appealed.

*Error assigned* was decree continuing injunction and appointing a receiver.

*D. J. Neff, S. A. McNeal* with him, for appellants.—It is a general principle of the law of partnership that the partners are bound by what is done by each other in the course of the partnership business : Deckard v. Case, 5 W. 22 ; Hennessey v. Western Bank, 6 W. & S. 300 ; Harper v. Fox, 7 W. & S. 143 ; Grier v. Hood, 25 Pa. 430 ; Boyd v. Thompson & Coxe, 153 Pa. 78 ; Franklin v. Morris, 154 Pa. 152 ; Hodenpuhl v. Hines, 160 Pa. 466.

The transfer to E. H. Flick, trustee, was previous in point of time to the transfer by Fox, the other partner, to Fiske, trustee.

If the assignment to E. H. Flick, in trust, was not valid on the authority of Wallace v. Wainwright, 87 Pa. 263, to give a preference to the two creditors intended to be benefited, it was valid in the law as a general assignment for the benefit of creditors : Wiener v. Davis, 18 Pa. 331 ; 7 Am. & Eng. Ency. of Law, 22.

As a general rule the appointment of a receiver is a matter which rests in the discretion of the court, but this discretion is sometimes the subject of error, and is always exercised under certain well established rules : Bispham's Equity, 577 ; Blondheim v. Moore, 11 Md. 365 ; 3 Pomeroy's Equity Jurisprudence, 1331 ; C. & A. Oil Co. v. Petroleum Co., 57 Pa. 83 ; Brown v. Agnew, 6 W. & S. 238 ; Egbert v. Wood, 3 Paige, 517 ; Parsons on Partnership, 2d ed. 312.

*J. S. Leisenring,* for appellee.—The appellants fail to mark the distinction between a sale, assignment or transfer of a firm's property by one copartner made directly to an individual creditor of such firm in payment of such creditor's claim, and the case of the creation by one partner of a trusteeship of the firm's property, for the benefit of certain cestui que trustent, though

creditors: Watson v. Bagaley & Smith, 12 Pa. 164; Lucas v. S. & E. R. R., 82 Pa. 458; Hodenpuhl v. Hines, 160 Pa. 466.

A trust is where the legal estate is in one person and the equitable interest in another: Chaffers v. Risk, 74 Pa. 432; Act of March 24, 1818, P. L. 285, Englebert v. Blanjot, 2 Whart. 240.

The act of April 17, 1843, P. L. 273 (prohibiting preferences in assignments), applies to an assignment whereby a part of the assignor's property is assigned, to be divided amongst certain creditors named, pro rata, there being other creditors but not sufficient money remaining to pay them; and such an assignment enures to the benefit of all the creditors: Appeal of Miners' Nat. Bank, 57 Pa. 193; Wallace v. Wainwright, 87 Pa. 263.

If recorded as required by law, then, and not until then, by virtue of the provisions of the act of April 17, 1843, does such assignment become fixidly operative: Englebert v. Blanjot, 2 Wh. 240; Lockhart v. Stevenson, 61 Pa. 64; Wallace v. Wainwright, 87 Pa. 263; Flanagin v. Witherill, 5 Wh. 280; Lucas v. Sunbury & E. R. R., 82 Pa. 459; Driesbach v. Becker, 34 Pa. 152; Watson v. Bagaley & Smith, 12 Pa. 164; Golden's App., 110 Pa. 581; Schuylkill Bank v. Reigart, 4 Pa. 477; Weiskettle's App., 103 Pa. 522.

If no other than the several cestui que trustent named in the several assignments made to J. H. Fiske and E. H. Flick, respectively, had an interest in the assets assigned, yet the dispute and contention between such trustees as to their priority and their respective title to the firm's property warranted the court in appointing a receiver: Bispham's Eq. sec. 510; Collyer on Partnership (Wood's ed.) sec. 375; C. & A. Oil Co. v. Petroleum Co., 57 Pa. 83.

This was an eminently proper case for equitable interference, since the same was necessary for the preservation of the partnership property and for realizing on its assets: Collyer on Partnership, sec. 359; Story on Partnership, sec. 231; Sloan v. Moore, 37 Pa. 217; Stockdale v. Ullery, 37 Pa. 486; Weiskettle's App., 103 Pa. 522.

Opinion by Mr. Justice Fell, May 28, 1896:

George Fox and J. A. Curtis were partners in the wholesale shoe business. On July 12, 1895, Curtis confessed two judgments in the firm name, one for $4,500 and the other for

$5,000, to the creditors of the partnership. Under executions issued upon these judgments the stock in trade was levied on and sold by the sheriff, realizing $4,600. On July 13, Curtis assigned the remaining property of the partnership, consisting of unpaid book accounts and outstanding claims, amounting to about $25,000, to E. H. Flick in trust for the two creditors to whom judgment had been confessed. Fox subsequently assigned the same claims to J. H. Fiske. Each assignee notified the debtors of the firm not to pay the other. The practical effect of these notices was to suspend the collection of the accounts. On July 24, a bill was filed by Fox to restrain the assignee of Curtis from exercising any power under the assignment to him, and praying for the appointment of a receiver.

The order made by the learned judge of the common pleas preserved the partnership property from waste, and promoted the interests of the individual partners and of the general creditors. It is so manifestly wise from a business point of view and so just to all parties concerned that it should be sustained unless it is in violation of the rights of the first assignee and of the creditors preferred by that assignment.

The partnership was insolvent and had a number of creditors. The assignment by Curtis was of all the partnership property which had not been taken in execution. It transferred to a third party for the benefit of two creditors, who had already secured a lien on all of the property subject to levy and sale, book accounts amounting to more than double the amount of their claims. It placed the property transferred beyond the reach of creditors, and charged it with a trust for the payment of particular debts. Under our cases it must be treated as an assignment for the benefit of all of the creditors, the preferences being void: Watson v. Bagaley, 12 Pa. 164; Wiener v. Davis, 18 Pa. 331; Lucas v. Sunbury & Erie Railroad Co., 32 Pa. 458; Appeal of Miner's National Bank, 57 Pa. 193; Wallace v. Wainwright, 87 Pa. 263. But if the assignment can be sustained as a general assignment the property assigned was vested in the trustee, and could not be taken from his control and placed in the hands of a receiver. Had Curtis power to make the assignment?

Generally in commercial partnerships the implied agency of a partner is limited to matters within the range of the ordinary

business of the partnership. Where by implication the agency has been extended so as to include the power to make an assignment of the partnership property to a trustee for the payment of debts, the facts have been so exceptional as to take the cases out of the general rule. In Deckard v. Case, 5 Watts, 22, the partner not joining in the assignment had abandoned the business and left the country, and the power of the remaining partner to make an assignment at the request of the creditors and to prevent a sale by the sheriff was sustained on that ground. In Hennessey v. The Western Bank, 6 W. & S. 301, the partner not joining was absent in another state; and in McNutt v. Strayhorn, 39 Pa. 269, the assignment was held to be valid because of the assent of the partner not signing. In the opinion in Sloan v. Moore, 37 Pa. 217, it was said by STRONG, J., "But none of the cases decide that a partner can make a general assignment in trust for the benefit of creditors against the consent or without the concurrence of his copartner, the latter being present and capable of acting in the matter. The contrary was directly decided in Hayes v. Hayes, and Deming v. Colt, 3 Sandford's Rep. 296. And indeed, this must be so, for while the contract of partnership constitutes each of its members an agent for the others, it is for the purpose of carrying on the partnership, not for destroying it. Denuding the firm of all its property is a thing not contemplated, and consequently no agency for such a purpose was intended to be created. When therefore one partner is at hand and might assent, but does not, it is quite unreasonable to presume that he has empowered his copartner to do an act destructive of the purposes for which the firm was established."

This is in harmony with the general trend of decisions elsewhere. In the notes to Livingston v. Rosevelt, 1 American Leading Cases, 547–551, the learned editors say that, while there seems to be some conflict of opinion on the question whether one partner has a right to make a general assignment to a trustee for the payment of the debts of the firm, the cases may be arranged under two heads:—those which hold that a partner has no such power, and those which hold that he has the power in the absence of the other partner and when acting in good faith for the benefit of the partnership; that there is no American case which decides that one partner, when the

others are present, may without their consent make a general assignment of the firm property to a trustee for the benefit of creditors ; and that " the principle to be extracted from the decisions seems to be this : that as a general assignment, if it does not dissolve the partnership, at least takes away from the partners the right of disposing of the effects assigned, all the members if they are present have a right to be consulted upon such a step ; that an assignment by one against the known wishes of the other would be a fraud upon him, and invalid ; and an assignment without his knowledge would be presumably so ; but if one partner has left the country he must be considered as having vested in the other implied authority to act in all matters for the benefit of the firm, and an assignment under such circumstances if fairly made and beneficial to the interests of the company will be sustained."

The assignment being void, the case presented called for equitable intervention.  The attempted transfer by one of the partners was in violation of the rights of the other and of the partnership agreement; if it did not work an actual dissolution of the partnership, it stripped it of all its property and made it impossible to continue the business.  The appointment of a receiver is in the discretion of the court, not to be exercised arbitrarily or, as was said in Oil & Mining Co. v. Petroleum Co., 57 Pa. 83, doubtingly, but only when it is clear " that it is needful and is the appropriate means of securing a proper end." In this case it was the only adequate remedy by which the interests of all parties concerned could be preserved.

The decree of the court is affirmed at the cost of the appellants.