219    435
f219   440

</div>

## McClain, Appellant, v. Pittsburg Stock Exchange.

*Assignment for creditors—Refusal of assignee to act—Title to property—Seat in stock exchange—Receiver—Act of June 14, 1836, P. L. 628.*

A deed of assignment for the benefit of creditors, duly recorded, vests in the assignee the title of the assignor, independent of the fact whether the assignee accepts or declines the trust. No trust will be permitted to fail or become noneffective by reason of the failure of the trustee to accept and perform the entries imposed by the trust. The deed of assignment conveys the property and creates the trust, and thereafter it is not in the power of the assignor or the assignee to defeat the trust. If the assignee renounces the trust, or refuses to act under

or execute the same, sec. 23 of the Act of June 14, 1836, P. L. 628, provides that the court shall appoint an assignee in his place.

Where two copartners in a brokerage business make a voluntary assignment as individuals and copartners for the benefit of their creditors, the title to a seat owned by them in a stock exchange passes to the assignee, and a receiver subsequently appointed in an equity suit by a creditor against the partnership, can take no interest whatever in the seat; and this is the case although the assignee named in the deed of assignment and a person appointed in his stead by the court, both refuse to accept the trust. In such a case the trust will not fail for want of a trustee.

Argued Oct. 29, 1907. Appeal, No. 58, Oct. T., 1907, by plaintiff, from decree of C. P. No. 1, Allegheny Co., Sept. T., 1906, No. 435, sustaining demurrer to bill in equity in case of Marshall McClain, Receiver of E. D. Gartner and A. J. Harnack, as individuals and as copartners doing business as E. D. Gartner & Company, v. The Pittsburg Stock Exchange. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction. Before OVER, J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree sustaining the demurrer.

*H. S. Lydick,* with him *D. F. Patterson,* for appellant.— Whilst we have found no case in this state wherein the court has appointed a receiver where there was a valid prior assignment, we find numerous cases in the courts of other states, and in the federal courts, where that has been done: McFerran v. Davis, 70 Ga. 661 ; Haggarty v. Pittman, 1 Paige, 298 ; Comah v. Sedgwick, 1 Barbour, 210 ; Bank v. Bridgers, 114 N. C. 381 (19 S. E. Repr. 642) ; Goldsmith v. Fletcheimer, 16 Ky. L. R. 433 (28 S. W. Repr. 21) ; Walker v. Stone, 70 Iowa, 103 (30 N. W. Repr. 39) ; Belmont Nail Co. v. Columbia Iron & Steel Co., 46 Fed. Repr. 8.

If the authority of the court to appoint the plaintiff receiver should be held doubtful, we contend that the regularity and validity of his appointment cannot be attacked in this pro-

ceeding; but only in the proceeding in which his appointment was made: Ross v. Dewey, 215 Pa. 526; Backenstoe v. Kline, 31 Pa. Superior Ct. 268.

*Henry A. Miller*, for appellee.—The deed of assignment passed title to the assignee: Heckman v. Messinger, 49 Pa. 465; Lewis v. Barry, 72 Pa. 18; Marks' App., 85 Pa. 231; Read v. Robinson, 6 W. & S. 329; Blight v. Schenck, 10 Pa. 285; Fox v. Curtis, 176 Pa. 52.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:

E. D. Gartner and A. J. Harnack were copartners in the brokerage business, under the firm name of E. D. Gartner and Company, and having failed they made a voluntary assignment as individuals and copartners for the benefit of their creditors on January 23, 1906. The deed of assignment was duly recorded in the recorder's office of Allegheny county. The assignee named in the deed declined to accept the trust. A successor was appointed by the court of common pleas, and he subsequently declined and was dismissed by the court. A bill in equity was filed by a creditor against the partnership and on May 10, 1906, Marshall McClain, appellant, was appointed receiver of Gartner and Harnack as individuals and as copartners doing business as E. D. Gartner and Company. Gartner was a member of the Pittsburg Stock Exchange, the appellee, and his seat was sold by the committee on membership for $5,000. The appellant filed this bill and therein prayed the court to enjoin the appellee, its officers and committees, from paying out the funds received from the sale of the seat in the Stock Exchange; that it be restrained from passing upon the validity of the claims against said fund; and that it be directed to pay into court the money realized from the sale of the seat, to be disposed of as the court might direct.

The defendant, the appellee, demurred to the bill, and the demurrer was sustained by the court below.

The mere statement of the facts which are averred in the bill, as above stated, shows that the learned trial judge was right in sustaining the demurrer and in dismissing the bill. The assignment made by Gartner and Harnack as individuals

for the benefit of their creditors passed the title to their individual properties to the assignee, and thereafter neither of them had any right to or control over the property or any part of it until it was reconveyed, as provided by the Act of May 4, 1864, P. L. 762, 2 Purd. (13th ed.) 1905. The property thereafter could not be diverted from the uses of the trust and, as said by Mr. Justice STRONG in Robb's Appeal, 41 Pa. 45 (p. 48) : " A court of equity would have laid hold of it, wherever it could be found, so long as it had an ear mark, and would have inforced its application for the benefit of the creditors in whose behalf the assignment was made." A deed of assignment for the benefit of creditors, duly recorded, vests in the assignee the title of the assignor independent of the fact whether the assignee accepts or declines the trust. No trust will be permitted to fail or become noneffective by reason of the failure of the trustee to accept and perform the duties imposed by the trust. The deed of assignment conveys the property and creates the trust, and thereafter it is not in the power of the assignor or the assignee to defeat the trust. If the assignee renounces the trust, or refuses to act under or execute the same, section 23 of the Act of June 14, 1836, P. L. 628, provides that the court having jurisdiction shall appoint an assignee in his place. So it will be observed that under the assignment made by Gartner the title to all of his individual property, including his seat as a member of the Pittsburg Stock Exchange, passed from him to an assignee for the benefit of his creditors. Thereafter Gartner's creditors were the beneficiaries of the property which could only be administered in their interest and under the deed of assignment. When the two successive assignees declined the trust, the proper and only action that could be taken to have the property administered was to have an assignee appointed by the court. Any creditor or party interested in Gartner's estate, or any part of it included in the assignment, was a proper party to make application to the court for the appointment of an assignee. In this way and by this means, any creditor could have enforced his rights to the proceeds of the assignor's property.

From what has been said it will appear that the court had no authority to appoint a receiver for Gartner's property included in the deed of assignment. All the interest and estate

he had in the property passed by the deed to the assignee, and therefore, there was nothing for a receiver to take into his possession and to administer. An appointment of a receiver could, under the circumstances, vest no title to the property in him, or authorize him to take and hold it against an assignee duly appointed by a court of competent jurisdiction.

Fox v. Curtis, 176 Pa. 52, gives no support whatever to the appellant's position in this case. In that case, each of the partners assigned the property on different dates to different assignees. There was no assignment by the partnership, and it was held in accordance with the decision in Sloan v. Moore, 37 Pa. 217, that one partner could not make a valid assignment of the partnership property; and that, under the peculiar circumstances of the case, the appointment of a receiver was the only adequate remedy by which the interests of all parties concerned in the partnership property could be preserved. In the case at bar, the two partners did not assign separately the partnership property, nor is it claimed that the assignment by Gartner of his seat in the Stock Exchange is invalid and did not pass the title to the assignee. On the contrary, it must be conceded that Gartner's title to membership in the Stock Exchange passed by the assignment and was legally vested in the assignee. On the facts, therefore, of the case in hand, Fox v. Curtis, 176 Pa. 52, sustains the position of the appellee and therein it is said that " if the assignment can be sustained as a general assignment the property assigned was vested in the trustee, and could not be taken from his control and placed in the hands of a receiver."

The decree of the court below is affirmed.